UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------x

AIDA N. GUTIERREZ,

                     *Plaintiff*,

– against –

ST. TERESA OF AVILA CHURCH a/k/a CHURCH
OF SAINT TERESA OF AVILA a/k/a SAINT
THERESA CHURCH,

                     *Defendant*.

------------------------------------------------------------------x

Case No.

**COMPLAINT**

JURY TRIAL DEMANDED

Plaintiff Aida N. Gutierrez ("Gutierrez" or "Plaintiff"), by her attorneys, Tacopina, Seigel & DeOreo, complaining of defendant St. Teresa of Avila Church a/k/a Church of Saint Teresa of Avila a/k/a Saint Theresa Church (the "Church" or "Defendant"), alleges as follows:

## INTRODUCTION AND PRELIMINARY STATEMENT

1. This diversity action arises from a trip and fall that occurred upon the premises of the Church on December 14, 2019.

2. As demonstrated below, Gutierrez suffered life-threatening injuries during a memorial service of her sister-in-law, which clearly turned a tragedy into a travesty due to the Church's blatant failure to protect Plaintiff from a hidden and camouflaged tripping hazard upon its premises.

3. Specifically, the Church should be held liable for its clear negligence in (1) failing to properly inspect an incredibly dangerous hidden step ("Hidden Step") in its women's bathroom in the Church's basement ("Basement Bathroom"), (2) failing to maintain the Basement Bathroom in a reasonably safe and proper condition, and (3) failing to repair, replace and/or warn guests of the

Hidden Step after having actual and constructive notice of this dangerous and defective condition for decades.

4. Indeed, upon information and belief, the Church was on actual notice of this dangerous condition for decades and simply failed to remedy it or warn invitees of such hazard.

## JURISDICTION

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because Plaintiff is a citizen of a different State (Virginia) than Defendant (New York) and the amount in controversy exceeds $75,000.

6. Venue lies in this District pursuant to 28 U.S.C. § 1391(b)(1) because all of the events or omissions giving rise to Plaintiffs' claims occurred in said District.

## PARTIES

7. Plaintiff is an individual residing in and a citizen of the state of Virginia.

8. Upon information and belief, Defendant is currently a not-for-profit religious corporation organized under New York law with its principal office in Sleepy Hollow, New York.

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

9. Gutierrez was a guest and invitee at the Church for a memorial service on the morning of December 14, 2019, when around 11:15 am, she walked to and entered the Basement Bathroom.

10. This memorial service took place at the premises owned, controlled and maintained by the Church located at 130 Beekman Avenue, Sleepy Hollow, New York (the "Premises").

11. As Gutierrez entered the Basement Bathroom, she tripped over a hidden step that was immediately in front of her after going through the entrance door, causing her to fall and suffer

severe physical injuries described below.

12. The Hidden Step is obviously camouflaged by the tile on the step matching that of the floor adjacent thereto. Additionally, the step is only a few feet from the entrance and there is simply not enough space to allow people entering the bathroom to have time to observe and adjust themselves to that hazard.

13. Therefore, one entering the Basement Bathroom is immediately faced with an optical confusion arising from an illusion of a flat surface, which visually obscures the step.

14. To make matters worse, there was simply no warning of the Hidden Step, proper lighting, nor sufficient demarcation between raised and lowered areas.

15. Furthermore, upon information and belief, the Church had been on notice of this dangerous condition for decades. In fact, the dangerous Hidden Step has been in the Basement Bathroom for at least fifty years, and it had been well known, for decades, by parishioners and the Church that people were often tripping over that defective condition, which was also present in the men's bathroom in the basement.

16. As a result of the Church's negligence in failing to keep its Basement Bathroom safe from the hazardous Hidden Step, Gutierrez fell and the left side of her body and head hit the hard tile.

17. That fall caused, among other things, (a) a left cerebral convexity subdural hematoma; (b) effacement of the lateral ventricle; (c) transtentorial herniation resulting in partial effacement of the suprasellar cistern, (d) loss of consciousness, (e) metabolic encephalopathy, (f) a required tracheostomy and gastrostomy; (g) hypoxemic respiratory failure (requiring a ventilator); (h) atelectasis; (i) aphasia; (j) acute kidney failure; (k) convulsions and seizures; (l) hemiplegia

affecting the left side; (m) a coma; and (n) facial weakness – all requiring two brain surgeries, extensive hospital and rehabilitation inpatient treatment, and substantial physical therapy.

18. Indeed, as of today, Plaintiff is bedridden and must use a walker during the very limited times that she leaves her bed.

19. Prior to this fall, she was an active woman who walked without any assistance, drove her car, cleaned her house, cooked for her family, took care of her garden in her yard, traveled often with her family (including internationally), swam in her neighborhood pool, grocery shopped, did laundry for herself and her husband, and socialized with her friends and family. Gutierrez can no longer do any of these things. Simply put, this fall has devastated her and she is a shadow of her former self.

## AS AND FOR A FIRST CLAIM
## NEGLIGENCE

20. Plaintiffs repeat and reallege the Paragraphs above as if fully set forth herein.

21. Upon information and belief, at all the times hereinafter mentioned, the Church owned, maintained, managed, controlled and operated the Premises and the Basement Bathroom.

22. On December 14, 2019, Plaintiff was lawfully present in the Basement Bathroom in the Premises.

23. The aforesaid occurrence was caused wholly and solely by reason of the negligence of the Church, without any fault or negligence on the part of Plaintiff contributing thereto.

24. The Church's conduct described above was negligent in that the Church created an unsafe condition in the form of the Hidden Step as described above, and failed to warn invitees of such danger.

25. The negligence and carelessness of the Church as described herein was the actual and proximate cause of Plaintiff's injuries.

26. The Church had prior actual and/or constructive notice of the above described Hidden Step.

27. The Hidden Step was known to the Defendant and existed for a sufficient length of time prior to the accident to allow the Church to remedy such dangerous condition.

28. The Church had a duty to maintain and repair the Hidden Step.

29. The Church had a duty to use reasonable care to not harm or injure Plaintiff, and to warn Plaintiff of the Hidden Step.

30. The Church breached such duties by acting negligently and not using reasonable care and proximately causing Plaintiff's injuries, both physical and emotional, pain and suffering and the lost quality of life described herein.

31. Additionally, the Hidden Step violated applicable building codes and/or regulations, and thus there is negligence *per se* in this case.

32. Plaintiff demands judgment of and from the Defendant in a sum to be determined at trial, but for far more than the $75,000 jurisdictional amount of this Court, together with interest, costs and disbursements of this action.

**WHEREFORE**, Plaintiff demands judgment as follows:

A. Plaintiff's actual damages as proven at trial, but for far more than the $75,000 jurisdictional amount of this Court.

B. The costs and disbursements of this action.

C. Prejudgment interest.

D. Such other and further relief as deemed just and proper by this Court.

Dated: March 17, 2022
New York, New York

                                          Yours, etc.,
                                          TACOPINA, SEIGEL & DeOREO

By: /s/ Matthew G. DeOreo
Matthew G. DeOreo, Esq.
*Attorneys for Plaintiff*
275 Madison Ave., Fl. 35
New York, New York 10016
Tel: (212) 227-8877
Fax: (212) 619-1028